IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARY D. MCCREE,           )<br>                                       )<br>     Plaintiff,               )<br>                                       )<br>     v.                           )<br>                                       )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>                                       )<br>     Defendant.              ) | Case No. 3:05-cv-416-DGW |

**ORDER**

This matter is before the Court on the Petition for Review of the Commissioner's Decision Denying Benefits (entitled "Plaintiff's Brief") filed by the Plaintiff, Cary D. McCree, on October 13, 2005. For the reasons set forth below, and after a review of the record, this matter is **DISMISSED WITH PREJUDICE**.

BACKGROUND

The Plaintiff, Cary D. McCree, filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, as amended 42 U.S.C. §§ 416(I), 423 (2006), on July 27, 1998, alleging an onset date of July 15, 1988, due to stomach problems related to diabetes (Transcript of Administrative Record (hereinafter "Tr.") 77-79). The claim was initially denied on September 22, 1998 (Tr. 18), and upon reconsideration on February 18, 1999 (Tr. 23). Plaintiff's claim thus became a final decision on February 18, 1999, but was not judicially appealed (Tr. 14, 66).

On May 9, 2000, Plaintiff filed a second application for a period of disability and disability insurance benefits alleging the same onset date of July 15, 1988 (Tr. 83), and the same stomach problems related to diabetes (Tr. 81). After her second application was denied

both initially and on rehearing, plaintiff's request for a hearing was granted and she presented her case before Administrative Law Judge (ALJ) Arthur A. Liberty on August 21, 2001 (Tr. 26, 30, 53). After reopening the record and evaluating the entire claim period, the claim for benefits was denied on September 26, 2001 (Tr. 57, 66). However, the Appeals Council vacated the hearing decision and remanded for a determination of whether an exception to the doctrine of res judicata would allow consideration of Plaintiff's second application for benefits (Tr. 66).

On remand, ALJ Scott T. Miller did not find an exception to res judicata and dismissed Plaintiff's request for a hearing by determining that the initial application should not be reopened (Tr. 14-15). On April 29, 2005, the Appeals Council denied Plaintiff's request for review (Tr. 6), and on June 10, 2005, Plaintiff filed a Complaint with this Court in Cary D. McCree v. Commissioner of Social Security, 3:05-cv-416 (Doc. 1). For the reasons set forth below, this Court finds that it lacks jurisdiction to consider the merits of the ALJ's decision to dismiss Plaintiff's request for a hearing.

## DISCUSSION

When a claimant alleges that the Social Security Administration improperly denied disability benefits, that claimant may seek federal judicial review of a "final decision of the Commissioner of Social Security made after a hearing." Social Security Act § 205(g), as amended 42 U.S.C. § 405(g) (2006) (hereinafter "§ 405(g)). However, § 405(g) provides the exclusive avenue of judicial review. Heckler v. Ringer, 466 U.S. 602, 617 (1984). Section 405(g) requires that judicial review must be requested within sixty days after the claimant receives notice of the adverse final decision. 42 U.S.C. § 405(g). If a claimant fails to seek

judicial review within the sixty days, that claimant loses the right to further review. 20 C.F.R § 404.987.

In this case, there is no question that the denial of Plaintiff's first application for benefits was a final decision made after a hearing that was not appealed within sixty days of the Plaintiff receiving notice of the adverse determination. Therefore, although the claim may be reopened at the agency's discretion, judicial review of this claim for benefits is no longer available. See 20 C.F.R. § 404.988 (2006).

With regard to Plaintiff's second application for benefits, however, the ALJ's decision to apply res judicata and not reopen the case is not a "final decision" made "after a hearing" within the meaning of 42 U.S.C. § 405(g) as would allow this Court to review the merits of the Agency's decision to apply res judicata and refuse to reopen Plaintiff's claim. Califano v. Sanders, 430 U.S. 99, 107-08 (1977) ("[Section 405(g)] cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits."). In Sanders, a social security claimant filed a claim seeking benefits identical to a claim made seven years prior. Id. at 102. An ALJ determined that this second claim was barred by res judicata and that good cause did not exist to reopen the claim, which had not previously been judicially appealed. Id. at 102-03; See 20 C.F.R. § 404.988(b) (2006).

As in this case, the claimant in Sanders sought judicial review of the ALJ's refusal to consider the merits of his second claim. 430 U.S. at 103. The Supreme Court rejected a contention that the Social Security Act, specifically § 405(g), should be construed to authorize judicial review of a final decision by the Commissioner not to reopen a claim of benefits. Id. at 108. The Court reasoned that "an interpretation that would allow a claimant

judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60-day limitation upon judicial review of the final decision for the initial claim of benefits." Id.  The Court held that the Social Security Act did not authorize judicial review of the final decision refusing to reopen a claim for benefits, and, therefore, the district court had no subject matter jurisdiction to review the decision, absent a constitutional challenge. Id. At 108-109.

A more recent decision, Johnson v. Sullivan, 936 F.2d 974 (7th Cir. 1991), is directly on point with regard to the instant case.  In that case, like ours, there were two successive applications for social security benefits. Id.  The claimant in Johnson did not judicially appeal her first denial of benefits, but later made a second claim that involved the same law, facts, and issues as her first application. Id.  Similar to our case, the Johnson claimant appealed the ALJ's denial of benefits to the Appeals Council after a hearing on the merits, and the Appeals Council vacated the ALJ's decision on res judicata grounds and further refused to reopen the first determination. Id. at 976.  Like Plaintiff, the Johnson claimant then sought judicial review.

The district court concluded that it lacked jurisdiction to review the Appeals Council's decision. Id. at 975.  On appeal, the Seventh Circuit affirmed, citing Califano to indicate that § 405(g) had been narrowly construed to authorize federal courts to review only a "final decision of the Secretary made after a hearing."  The court reasoned that although the decision to dismiss was a final decision, it was not one which was made after a hearing since the Appeals Council had nullified the hearing held by the ALJ. Id.  Furthermore, the court

held that "[a] refusal to reopen or a decision to apply administrative res judicata is a discretionary one not subject to judicial review. <u>Id.</u> at 976.

The same is true in the present action which involves two successive applications for disability insurance benefits, each alleging the same onset date of July 15, 1988. Plaintiff's first application was denied initially and on appeal to the Appeals Council. At that point, a final decision had been rendered as Plaintiff had exhausted her administrative remedies. However, Plaintiff did not seek federal court review within sixty days per § 405(g) and, therefore, she waived her right to a judicial appeal on this claim.

Plaintiff thereafter filed a second application on May 9, 2000, that alleged the same onset date, facts, and circumstances as her previous application. After an ALJ granted a hearing and reviewed the merits, Plaintiff's second claim for benefits was denied. On Plaintiff's appeal, the Appeals Council vacated the ALJ's decision and remanded for the ALJ to determine whether res judicata should apply to this second application for benefits. By vacating the prior hearing conducted by the ALJ, the Appeals Counsel's decision effectively erased the prior ALJ hearing as far as the requirement that judicial review must only be granted following a final decision made after a hearing under § 405(g). <u>See</u> 936 F.2d at 975, FN3. On remand, the ALJ treated the case as an application to reopen the first application for benefits and refused to reopen the prior application.

Because the plain meaning of § 405(g) requires that there be (1) a final decision (2) made after a hearing, this Court lacks jurisdiction to consider this petition for review. The Supreme Court and the Seventh Circuit have clearly stated that "a refusal to reopen or a decision to apply administrative res judicata is a discretionary one not subject to judicial review." <u>Id.</u> at 976 (citing

Sanders, 43 U.S. at 107-08).  Therefore, in this case, § 405(g)'s first requirement is not satisfied.  Furthermore, even if the refusal to reopen and the decision to apply res judicata were considered a final decision, it was not made after a hearing within the meaning of § 405(g) due to the Appeals Counsel vacating ALJ's decision and hearing.  Upon remand by the Appeals Council, the ALJ denied Plaintiff's request for a hearing, and there was, therefore, no final decision "after a hearing" as required for judicial review.  Plaintiff now asks this Court to order the ALJ to reopen the case and grant Plaintiff a hearing.  Under these circumstances, this Court has no jurisdiction to enter such an order.

It is important to note that this case does not involve the type of constitutional challenge to a statutory scheme or to the Commissioner's action that is unsuited to resolution in an administrative setting. See 430 U.S. at 109.  Rather, Plaintiff claims that her "due process right to a meaningful right to be heard was violated when the second ALJ in this matter was misinformed regarding the evidence and when he (sic) was deprived of material vocational evidence" (Plaintiff's Brief).  This Court finds that because the Appeals Council vacated the ALJ's decision from which the complained of hearing took place, any due process issues that may have arisen from that hearing are now moot. See 20 C.F.R 404.981(2006). Accordingly, this Court is without jurisdiction to consider Plaintiff's request for a hearing on the grounds that the ALJ improperly refused to reopen Plaintiff's denial of benefits and grant her a hearing.

## CONCLUSION

For the reasons set forth above, this Court finds that it lacks subject matter jurisdiction to review the Commissioner's decision to apply res judicata and refuse to reopen Plaintiff's

application for a period of disability and disability benefits.  Therefore, this case is

**DISMISSED WITH PREJUDICE**.

**DATED: September 28, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON
United States Magistrate Judge**